455 So.2d 351 (1984)
Edward KENNEDY, Appellant,
v.
STATE of Florida, Appellee.
No. 61694.
Supreme Court of Florida.
July 12, 1984.
Rehearing Denied September 25, 1984.
*352 Glenna Joyce Reeves, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for appellant.
*353 Jim Smith, Atty. Gen. and Kathryn L. Sands, Asst. Atty. Gen., Jacksonville, for appellee.
BOYD, Chief Justice.
This cause is before the Court on appeal from a judgment of conviction of two counts of murder in the first degree. The appellant was sentenced to death for each of the two murders. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
The evidence showed that appellant was an inmate at Union Correctional Institute, serving a sentence of life imprisonment when, on April 11, 1981, he escaped. He broke into a home where he changed clothes and took into his possession a shotgun and a rifle. Before he could depart the premises, however, the owner of the home arrived accompanied by a highway patrolman. A brief gun battle ensued in which appellant shot and killed both men. He then ran to another home nearby. Pursued by law enforcement officers, appellant held the occupants of his new refuge  a woman and her six-month-old baby  as hostages in his futile attempt to make good his escape. He insisted on having television news coverage at the scene as he released his hostages and surrendered to law enforcement officers. After being taken into custody, appellant recounted the events of the day to a detective.
Appellant was tried before a jury, which found him guilty of two counts of first-degree murder. The jury also rendered a recommended sentence of death which the trial judge followed in sentencing appellant to death for both offenses.
Appellant raises several issues in his appeal. These issues concern the admissibility of his confession, the excusing of a venireman, the admissibility of photographic evidence, and the propriety of certain jury instructions and of the prosecutor's closing argument. Appellant also questions the propriety of the death sentence. Since we find that none of these points calls for reversal of the convictions or sentences, we affirm.
Appellant argues that his confession should not have been admitted because of the state's failure to prove that he knowingly and intelligently waived his right to remain silent. At the pretrial hearing on the motion to suppress, the detective who heard appellant confess to the crimes testified that he signed a written waiver after being advised of his rights. The officer testified that no threats or promises were made and that appellant appeared to be in full control of his faculties. This testimony was sufficient evidence to support the trial judge's ruling that appellant knowingly and intelligently waived his right to remain silent.
Appellant next argues that the trial judge erred in excusing for cause a prospective juror due to his views on capital punishment. Appellant argues that the venireman should not have been excluded under the reasoning of Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), because the venireman stated that although he was personally opposed to the death penalty, he could consider all the possible penalties provided by law. The state points out and the record discloses, however, that although this particular venireman did state that he could consider all the penalties provided by law, he was adamant that he could never vote for a sentence of death under any circumstances. Hence the exclusion of this particular venireman was proper. See Riley v. State, 366 So.2d 19 (Fla. 1978).
As for appellant's objection to the admission of a photograph of one of the victim's bodies into evidence, we find that the photograph was relevant and that any improper prejudicial impact did not outweigh its probative value. See Adams v. State, 412 So.2d 850 (Fla.), cert. denied, 459 U.S. 882, 103 S.Ct. 182, 74 L.Ed.2d 148 (1982). We also find no merit to appellant's argument that there was insufficient evidence of an underlying felony to warrant a jury instruction on felony murder.
*354 Appellant's next point on appeal is that the trial court erred by interrupting his lawyer's closing argument. At the time of the interruption appellant's counsel was arguing to the jury that there was no basis for convicting the defendant under the felony-murder doctrine because the underlying felony had already been completed at the time of the shooting. Upon the state's request for a curative instruction, the trial judge told the jury that what the attorneys said during closing argument was not evidence and that if a homicide occurred while a person was escaping from the immediate scene of a robbery or burglary, that such escape is in effect a continuation of the robbery or burglary. Appellant argues that this instruction was an improper judicial comment on the evidence which precluded further argument on his theory of defense. We agree that it would have been better if the trial judge had not given the instruction at that time. However, in light of the overwhelming evidence of guilt, we find that the judge's instruction, which was a correct statement of the law, could not possibly have so prejudiced the jury as to require a reversal of appellant's conviction.
Appellant's remaining arguments concern the penalty phase of his trial. His first argument is that the prosecuting attorney made repeated inflammatory remarks during closing argument. He specifically refers to the prosecuting attorney's emphasis on the fact that one of the victims was a law enforcement officer and that appellant's prior life sentence had not deterred him from committing another murder. Though these statements might have been improper had they been made at the guilt phase of the trial, they were not improper at the penalty phase. The statements were relevant to the prosecuting attorney's arguments on the aggravating circumstances that appellant was under sentence of imprisonment and that the murders were committed to avoid arrest and hinder law enforcement.
Appellant's second argument is that the trial court erred in refusing to instruct the jury that the aggravating circumstances must outweigh the mitigating, that the lack of intent to kill is a mitigating circumstance, and that life imprisonment could be recommended even though no mitigating circumstances were found. There was no error in refusing these instructions. The trial court acted properly by reading the standard jury instructions.
Finally, appellant objects to the trial court's findings with respect to the aggravating and mitigating circumstances. The trial court found the following aggravating circumstances: (1) that both murders were committed by a person under sentence of imprisonment, § 921.141(5)(a), Fla. Stat. (1979); (2) that appellant had previously been convicted of a capital felony, id., § 921.141(5)(b); (3) that the murders were committed in the course of the felonies of burglary and robbery, id., § 921.141(5)(d); (4) that the murders were committed for the purpose of avoiding arrest and while effecting an escape, id., § 921.141(5)(e); (5) that they were committed to disrupt or hinder the enforcement of law, id., § 921.141(5)(g); (6) that the murder of one of the victims, the officer, was heinous, atrocious, and cruel, id., § 921.141(5)(h); and (7) that the murder of the officer was committed in a cold, calculated and premeditated manner without any pretense of moral or legal justification, id., § 921.141(5)(i). As the only mitigating circumstance, the trial judge found that appellant was under extreme duress. In accordance with the jury's recommendation, the trial judge imposed death sentences for both counts of first-degree murder.
Appellant argues, and we agree, that the trial court erred in finding as separate aggravating circumstances that the murders were committed to hinder law enforcement and to avoid arrest. Because both of these aggravating circumstances are supported by the same essential feature of appellant's crimes, they should be treated as a single aggravating circumstance. Sims v. State, 444 So.2d 922 (Fla. 1983), cert. denied, ___ U.S. ___, 104 S.Ct. 3525, 82 L.Ed.2d 832 (1984); Gilvin v. State, 418 So.2d 996 (Fla. 1982) (Boyd, J., *355 concurring); Francois v. State, 407 So.2d 885 (Fla. 1981), cert. denied, 458 U.S. 1122, 102 S.Ct. 3511, 73 L.Ed.2d 1384 (1981); White v. State, 403 So.2d 331 (Fla. 1981), cert. denied, ___ U.S. ___, 103 S.Ct. 3571, 77 L.Ed.2d 1412 (1983); Welty v. State, 402 So.2d 1159 (Fla. 1981); Clark v. State, 379 So.2d 97 (Fla. 1979), cert. denied, 450 U.S. 936, 101 S.Ct. 1402, 67 L.Ed.2d 371 (1981). We also find that the trial court erred in finding that one of the murders was heinous, atrocious and cruel, and was committed in a cold, calculated, and premeditated manner. See Washington v. State, 432 So.2d 44 (Fla. 1983); Tafero v. State, 403 So.2d 355 (Fla. 1981), cert. denied, 455 U.S. 983, 102 S.Ct. 1492, 71 L.Ed.2d 694 (1982). Appellant does not contest, and there is sufficient evidence in the record to support, the trial judge's findings with respect to the remaining aggravating circumstances. The properly established aggravating circumstances applicable to both murders are: (1) they were committed by a person under sentence of imprisonment; (2) appellant had previously been convicted of a capital felony; (3) the capital felonies were committed in the course of other violent felonies; and (4) the murders were committed for the purpose of avoiding arrest during an attempted escape from custody. Even with the improper factors eliminated, the trial court's determination that the single mitigating factor did not outweigh the aggravating circumstances found to exist remains the appropriate result under the law. The erroneous findings did not prejudicially affect the weighing process and thus were harmless error.
We can find no basis for reversal of the trial court's reasoned judgment reached through the required process of weighing the aggravating and mitigating circumstances. We therefore affirm the imposition of the two death sentences.
The judgments of conviction and sentences of death are affirmed.
It is so ordered.
OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.
ADKINS, J., concurs in result only.