ADKINS, Justice.
We have before us a petition for a writ of habeas corpus. Jurisdiction of this Court is invoked pursuant to article V, section 8(b)(9), of the Florida Constitution.
On October 3, 1975, petitioner was convicted of first-degree murder and robbery. The following day, he was sentenced to death upon the conviction for murder in the first degree, and to life imprisonment upon the conviction for robbery. This Court affirmed both of petitioner’s convictions and sentences on February 22, 1979, and denied rehearing on May 10, 1979. Foster v. State, 369 So.2d 928 (Fla.1979). The United States Supreme Court denied certiorari on October 1, 1979. Foster v. Florida, 444 U.S. 885, 100 S.Ct. 178, 62 L.Ed.2d 116 (1979).
On September 29, 1980, petitioner joined with 122 other capital defendants in challenging Florida’s death penalty statute by habeas corpus petition. This Court decided the claim adversely to petitioner’s prayer for relief. Brown v. Wainwright, 392 So.2d 1327 (Fla.1981).
Subsequent to the signing of a warrant setting his execution, petitioner filed a motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Relief was summarily denied. On appeal to this Court, the trial court’s order denying post-conviction relief was affirmed. Foster v. State, 400 So.2d 1 (Fla.1981).
Thereafter, petitioner filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Florida. On July 2, 1981, judgment was entered denying his petition. Foster v. Strickland, 517 F.Supp. 597 (N.D.Fla.1981). The Eleventh Circuit affirmed the district court’s denial of relief. Foster v. Strickland, 707 F.2d 1339 (11th Cir.1983). Petitioner then applied for certiorari relief to the United States Supreme Court. This was denied in Foster v. Strickland, — U.S. —, 104 S.Ct. 2375, 80 L.Ed.2d 847.
The facts of this case are set forth in Foster v. State, 369 So.2d 928 (Fla.1979), and need not be repeated here.
Petitioner argues that he did not receive meaningful appellate review of his death sentence because this- Court’s consideration of whether to use non-record materials in the review of petitioner’s death sentence on direct appeal was not made known to his counsel. This issue was settled in Brown v. Wainwright, 392 So.2d 1327 (1981), which held that availability of information to this Court concerning capital defendants, which was not presented at trial and was not part of the trial record or record on appeal was not unconstitutional. Thus, we find this argument to be without merit. We also find that all of the matters relating to incompetency in petitioner’s petition for habeas corpus and its supplement are cumulative to evidence presented at the trial.
Petitioner further argues based upon Magill v. State, 386 So.2d 1188 (Fla.1980), that this cause should be remanded to the trial court for resentencing because the trial judge failed to articulate any mitigating circumstances considered by him before imposing the death sentence.
Petitioner’s attorney argued on appeal that the trial court did not find any mitigating circumstances in the instant case. We find this same argument in habeas corpus proceedings to be without merit.
Petitioner finally contends that the concern for proportionality in capital sentencing requires a remand for the reimposition of the sentence in the instant case. This issue was disposed of on direct appeal where this Court found that the sentence imposed was proportionate in comparison to other similar death cases decided by the Court. Foster v. State, 369 So.2d 928 (Fla.1979). We find it unnecessary to revisit this argument.
*1374 There is nothing in the petition for habe-as corpus or its supplement that convinces the Court that petitioner is entitled to any relief. Petitioner’s arguments are without merit.
Accordingly, we hold that the petitioner is not entitled to relief and deny the petition for writ of habeas corpus.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, McDonald, EHRLICH and SHAW, JJ., concur.