483 So.2d 424 (1986)
Edward KENNEDY, Petitioner,
v.
Louie L. WAINWRIGHT, Secretary of the Florida Department of Corrections, and R.C. Dugger, Superintendent of Florida State Prison, Respondents.
No. 68264.
Supreme Court of Florida.
February 12, 1986.
*425 Larry Helm Spalding, Capital Collateral Representative, Michael A. Mello, Asst. Capital Collateral Representative and David Adam Reiser, Office of the Capital Collateral Representative, Tallahassee, for petitioner.
Jim Smith, Atty. Gen. and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for respondents.
BOYD, Chief Justice.
Edward Kennedy, a state prisoner under sentence of death, petitions for a writ of habeas corpus. He claims that his capital convictions and sentences of death were unconstitutionally obtained and that he received ineffective assistance of counsel on appeal. He seeks a stay of the scheduled execution of death sentence. We deny the motion for stay and deny the petition for writ of habeas corpus.
Petitioner was convicted of two counts of first-degree murder and was sentenced to death. On appeal, this Court affirmed the convictions and sentences. Kennedy v. State, 455 So.2d 351 (Fla. 1984). Further review was sought on petitioner's behalf from the United States Supreme Court, but that Court declined to consider the case. Kennedy v. Florida, ___ U.S. ___, 105 S.Ct. 981, 83 L.Ed.2d 983 (1985).
Petitioner's first claim for relief is based on the argument that the exclusion of persons from capital juries who state on voir dire that they could not consider recommending a sentence of death deprives defendants of the right to a trial by a fair and impartial jury and by a jury representative of the community as guaranteed under the sixth and fourteenth amendments to the United States Constitution. The contention that exclusion of a prospective juror was improper on sixth amendment grounds was made on petitioner's behalf at his trial and on appeal and was decided adversely to petitioner's position by this Court. Petitioner has not shown any cause why that final judgment should be revisited. Petitioner is not entitled to habeas corpus relief.
The purpose of the writ of habeas corpus is to provide a means of judicial evaluation of the legality of a prisoner's *426 detention. McCrae v. Wainwright, 439 So.2d 868 (Fla. 1983). It is not properly used for purposes of raising issues that could have been raised on appeal, or for re-litigating questions that have been determined by means of a prior appeal. E.g., Armstrong v. State, 429 So.2d 287 (Fla.), cert. denied, 464 U.S. 865, 104 S.Ct. 203, 78 L.Ed.2d 177 (1983). "Habeas corpus is not a vehicle for obtaining a second determination of matters previously decided on appeal." Messer v. State, 439 So.2d 875, 879 (Fla. 1983).
When petitioner's appeal was before this Court, the issue of the propriety of excusing a particular venireman for cause was argued by counsel, considered by the Court, and specifically referred to in the Court's opinion. We held exclusion for cause proper because the prospective juror made clear that when the time came to consider the sentencing recommendation, "he could never vote for a sentence of death under any circumstances." Kennedy v. State, 455 So.2d at 353. The opinion of the Court cited as authority Riley v. State, 366 So.2d 19 (Fla. 1978). Thus the question of the constitutionality of the excusal of a juror for such cause has been decided adversely to petitioner. "The principle of finality of judgments, and the requirement that challenges to judgments and sentences be made by means of the one appeal to which a person is entitled by law, prohibit allowing the writ of habeas corpus to be utilized as a vehicle for obtaining a second appeal." Steinhorst v. Wainwright, 477 So.2d 537, 539 (Fla. 1985). It is only in the case of error that prejudicially denies fundamental constitutional rights that this Court will revisit a matter previously settled by the affirmance of a conviction or sentence. No such fundamental constitutional infirmity has been shown here.
The practice followed under Florida law, of excluding from capital trial juries not only those prospective jurors whose beliefs would preclude them finding the defendant guilty regardless of the evidence, § 913.03(3), Fla. Stat. (1981), but also those who indicate that they would be unalterably biased against the state and for the defendant on the question of the sentencing recommendation, is constitutional. It has been upheld against constitutional challenge on numerous occasions. This Court's decisions make clear that a capital defendant has no right to prevent the excusal of persons committed to voting against a sentence of death, either on the ground of denial of cross-sectional community representation or on the ground that the practice produces juries that are partial in favor of the prosecution. E.g., Copeland v. State, 457 So.2d 1012 (Fla. 1984), cert. denied, ___ U.S. ___, 105 S.Ct. 2051, 85 L.Ed.2d 324 (1985); Sims v. State, 444 So.2d 922 (Fla. 1983), cert. denied, ___ U.S. ___, 104 S.Ct. 3525, 82 L.Ed.2d 832 (1984); Maggard v. State, 399 So.2d 973 (Fla.), cert. denied, 454 U.S. 1059, 102 S.Ct. 610, 70 L.Ed.2d 598 (1981); Riley v. State, 366 So.2d 19 (Fla. 1978). Moreover, this procedure has been upheld against constitutional challenge by the United States Court of Appeals for the Eleventh Circuit, In re Shriner, 735 F.2d 1236 (11th Cir.1984), and the Fifth Circuit as previously constituted, Spinkellink v. Wainwright, 578 F.2d 582 (5th Cir.1978), cert. denied, 440 U.S. 976, 99 S.Ct. 1548, 59 L.Ed.2d 796 (1979).
Petitioner contends that this Court should modify its position on this issue on the ground that research findings in several studies have led many observers to conclude that juries from which persons unalterably opposed to capital punishment have been excluded are not fair and impartial and that the practice excludes a distinct segment of the public. Petitioner asserts that the studies cited conclusively establish such jury bias and group exclusion in violation of constitutional rights.
The time to present evidence in support of a challenge to trial court procedure is when a case is before the trial court. We note that most of the surveys of jurors' attitudes and behavior were conducted before the filing of the indictment against petitioner and thus these matters could have been presented to the trial court before *427 his jury was selected. Indeed, petitioner's counsel at trial made the standard arguments on this issue by motion in limine relying on this body of research literature. The motion, as was previously noted, was denied at trial and the denial approved by this Court on appeal. We therefore decline petitioner's invitation to modify the law on this point.
Even if the various studies and scholarly articles were found to be so demonstrative of the phenomena asserted, i.e., jury bias and group distinctiveness, that the procedure under attack should be found in conflict with constitutional principles, we do not believe that petitioner would be able to demonstrate any prejudice to his own case. Only one prospective juror was excused on the ground that he could not consider recommending a sentence of death. At the trial, there was no question of the identity of the perpetrator of the two homicides, as the defendant was apprehended at the scene after taking and releasing two hostages. The evidence showed that the defendant was serving a life sentence for a capital felony when he escaped from prison, broke into two homes, killed two men, one of them a law enforcement officer who tried to apprehend him, then kidnapped a woman and her infant child before finally surrendering. The only conceivable issue on which to build a defense was whether the murders were first degree or second degree, and the state could prove them to be first-degree murders either on a premeditation theory or a felony-murder theory. There was no possibility that any kind of pro-prosecution jury bias caused by the exclusion of one death penalty opponent could have affected the outcome of the guilt phase of petitioner's trial.
Petitioner argues that it would be possible to have absolute death penalty opponents included on juries in the guilt phase of capital trials, following which alternate jurors without predetermined views on the question of sentence could take their places during the sentencing phase. Petitioner offers several other alternatives on how such a system could be administered and suggests that the state's interest in having the death penalty imposed in proper cases would not be impaired, partly because of the retention of final sentencing authority by the trial judge under Florida law. Whatever merit or persuasive force petitioner's suggestion has as a policy proposal, we find that it does not establish a constitutional compulsion in favor of the procedure demanded.
Petitioner argues that a stay should be granted because of the five-to-four decision of the Eighth Circuit Court of Appeals holding that exclusion of absolute death-penalty opponents from capital trial juries deprives the accused of the right to be tried by a jury drawn from a representative cross-section of the community. Grigsby v. Mabry, 758 F.2d 226 (8th Cir.) (en banc), cert. granted sub. nom., Lockhart v. McCree, ___ U.S. ___, 106 S.Ct. 59, 88 L.Ed.2d 48 (1985). This argument is without merit. The previously cited Fifth and Eleventh Circuit decisions provide the authoritative federal constitutional law holdings for purposes of this case.
Petitioner's second claim for relief by writ of habeas corpus is the allegation that he received ineffective assistance of counsel on appeal. We evaluate this argument under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The specific act or omission identified as having been a substantial deficiency is appellate counsel's omission to cite as authority a particular reported decision of this Court. We perceive no deficiency of performance and no prejudice.
In considering petitioner's appeal of his sentences of death, this Court reversed the trial court's finding that one of the murders was heinous, atrocious, or cruel and that it was committed in a cold and calculated manner. Kennedy v. State, 455 So.2d at 355. The Court also found that the factors of avoiding arrest and hindering law enforcement, found by the trial court with regard to both murders, should be considered as a single factor. Petitioner argues that appellate counsel was deficient *428 in failing to cite Elledge v. State, 346 So.2d 998 (Fla. 1977), in support of the argument that the Court's disapproval of some aggravating circumstances required a resentencing. However, we ascribe no special significance to the lack of express reliance on that particular decision. It is clear that appellate counsel challenged the findings of the trial court that were subject to attack under the facts shown by the evidence, brought before the Court the issue of the validity of the findings and the propriety of the death sentences, and sought whatever remedy the Court might be inclined to grant. The Court responded to the arguments as follows:
The properly established aggravating circumstances applicable to both murders are: (1) they were committed by a person under sentence of imprisonment; (2) appellant had previously been convicted of a capital felony; (3) the capital felonies were committed in the course of other violent felonies; and (4) the murders were committed for the purpose of avoiding arrest during an attempted escape from custody. Even with the improper factors eliminated, the trial court's determination that the single mitigating factor did not outweigh the aggravating circumstances found to exist remains the appropriate result under the law. The erroneous findings did not prejudicially affect the weighing process and thus were harmless error.
455 So.2d at 355. The single mitigating circumstance found by the trial court was that at the time of the murders, the defendant was under "extreme duress." Citation to Elledge in the appellant's brief or petition for rehearing would not have made a difference and was not required by the applicable standards of professional competence. It simply cannot be said that petitioner's lawyer on appeal was not effectively functioning as legal counsel. See Strickland v. Washington.
For the foregoing reasons, the petition for writ of habeas corpus is denied. The motion for stay of execution is denied.
It is so ordered.
ADKINS, OVERTON and McDONALD, JJ., concur.
EHRLICH, SHAW and BARKETT, JJ., concur in result only and would grant the application for stay of execution.