484 So.2d 1211 (1986)
Aubrey Dennis ADAMS, Petitioner,
v.
Louie L. WAINWRIGHT, Secretary, Department of Corrections, State of Florida, et al., Respondents.
No. 68351.
Supreme Court of Florida.
February 26, 1986.
*1212 Larry Helm Spalding, Capital Collateral Representative and Michael A. Mello, Asst. Capital Collateral Representative, Office of the Capital Collateral Representative, Tallahassee, for petitioner.
Jim Smith, Atty. Gen., and Margene A. Roper and Richard B. Martell, Asst. Attys. Gen., Daytona Beach, for respondents.
ADKINS, Justice.
Aubrey Dennis Adams, a convicted murderer who is scheduled for execution March 4, 1986, petitions for a writ of habeas corpus and requests a stay of execution. We have jurisdiction. Art. V, § 3(b)(9), Fla. Const. We find no basis on which to grant relief.
This Court affirmed petitioner's conviction and sentence for the murder of an eight-year-old girl in Adams v. State, 412 So.2d 850 (Fla.), cert. denied, 459 U.S. 882, 103 S.Ct. 182, 74 L.Ed.2d 148 (1982), and affirmed the trial court's denial of post-conviction relief in Adams v. State, 456 So.2d 888 (Fla. 1984). Now facing execution on his second death warrant, Adams raises two claims which he contends require this Court to stay his execution.
First, petitioner argues that the process of capital jury death qualification is violative of the United States Constitution. The jury which results after excluding those unalterably opposed to the imposition of the death penalty, it is argued, is biased, conviction-prone, and unrepresentative of the community at large.
While this Court has repeatedly rejected this argument, Witt v. State, 465 So.2d 510 (Fla. 1985); Caruthers v. State, 465 So.2d 496 (Fla. 1985); Dougan v. State, 470 So.2d 697 (Fla. 1985), petitioner contends that it is given new life by the Eighth Circuit's decision of Grigsby v. Mabry, 758 F.2d 226 (8th Cir.) (en banc), cert. granted sub nom. Lockhart v. McCree, ___ U.S. ___, 106 S.Ct. 59, 88 L.Ed.2d 48 (1985), currently pending review by the United States Supreme Court, and that a stay of execution is necessary in order to evaluate the issue.
We disagree. This issue is improperly raised in this case, and the Supreme Court's disposition of Grigsby can in no way impact upon the validity of petitioner's conviction and sentence. As the following discussion will indicate, we find in this case no basis for the claim. The claim so palpably lacks foundation, in fact, that we can only conclude that it is raised, for the first time at this eleventh hour in the proceedings, in an effort to link this case "by association" with those in which stays have been granted pending resolution of Lockhart. See, e.g., Kennedy v. Wainwright, 483 So.2d 424 (Fla. 1986); Celestine v. Blackburn, ___ U.S. ___, 106 S.Ct. 31, 87 L.Ed.2d 707 (1985); Bowden v. Kemp, ___ U.S. ___, 106 S.Ct. 213, 88 L.Ed.2d 182 (1985).
We find the issue improperly raised in this case for two reasons. First, the argument was raised neither on direct appeal nor in proceedings for post-conviction relief. We have long held that a petition for habeas corpus is not to be used as a vehicle for obtaining a second appeal. Steinhorst v. Wainwright, 477 So.2d 537 (Fla. 1985); McCrae v. Wainwright, 439 So.2d 868 (Fla. 1983).
Second, and more fundamentally, we find the issue completely unsupported *1213 by any factual foundation in the case. An examination of the voir dire transcript reveals that no juror was excluded for cause based upon his or her objections to the death penalty. Petitioner, therefore, is inherently unable to establish even the most basic element of a Grigsby claim  that the exclusion of veniremen opposed to the death penalty has resulted in an impermissibly prosecution-prone jury. It is sufficient for purposes of this issue, petitioner contends, that the state used its peremptory challenges towards this end.
First, again, no factual foundation exists for such a contention. Second, no authority exists allowing us to stretch the Grigsby holding to include peremptory challenges. It is clear that the Grigsby court itself declined to go so far, explicitly limiting its holding to the exclusion of jurors for cause.
We agree the state may exercise peremptory challenges as it deems necessary. No stated reason is necessary in exercising peremptory challenges. To establish a rule that jurors cannot be stricken by peremptory challenges on certain grounds seeks the impossible and limits the right of a party to eliminate jurors who appear to be biased.
Grigsby, 758 F.2d at 230 (citations omitted). Petitioner seeks to use our holding of State v. Neil, 457 So.2d 481 (Fla. 1984), as authority allowing an inquiry into the state's usage of peremptory challenges as bearing on the Grigsby issue. Neil, which allowed a court inquiry into the use of the challenges to exclude identifiable racial groups from juries, simply cannot replace, in this alien context, the requirement of excusals for cause.
Petitioner indeed, as the state suggests, attempts to fashion a valid claim where none exists by creating a hybrid between the distinct legal concepts of Grigsby/ death qualification and Neil peremptory challenges. The claim is not only raised here for the first time, but is also newly synthesized for purposes of thwarting the imposition of sentence. Again, we must deny the request for stay in this case because the Supreme Court's holding in Grigsby, deciding "whether the exclusion of jurors who hold scruples against the death penalty creates a `conviction-prone' jury," Grigsby, 758 F.2d at 228, will have no bearing in this case. The record indicates no such exclusions.
Neither can petitioner prevail on the second claim raised in support of stay of execution. We cannot again address the issue of proportionality of the death sentence imposed in this case, and reweigh those aggravating and mitigating factors we considered four years ago on direct appeal in Adams v. State, 412 So.2d 850 (Fla. 1982). Having once found the sentence proportional and properly imposed, we find it unnecessary to revisit the argument on a petition for habeas corpus relief. Foster v. Wainwright, 457 So.2d 1372 (Fla. 1984).
In sum, we find that no issues of substance have been presented to this Court and that therefore no grounds exist on which to grant the requested relief. We deny the petition for habeas corpus and the request for stay of execution.
It is so ordered.
BOYD, C.J., and OVERTON and McDONALD, JJ., concur.
EHRLICH, J., concurs in part and dissents in part with an opinion, in which SHAW and BARKETT, JJ., concur.
EHRLICH, Justice, concurring in part and dissenting in part.
I join the majority in denying relief on the petition for writ of habeas corpus, but I perceive that the Grigsby issue is involved here. Since that issue is currently before the United States Supreme Court, I would grant a stay of execution.
SHAW and BARKETT, JJ., concur.