484 So.2d 1235 (1986)
Davidson J. JAMES, Petitioner,
v.
Louie L. WAINWRIGHT, et al., Respondents.
No. 68453.
Supreme Court of Florida.
March 14, 1986.
Larry Helm Spalding, Capital Collateral Representative, Steven H. Malone, Sr. Asst. and Mark E. Evans, Asst., Office of Capital Collateral Representative, St. Petersburg, for petitioner.
Jim Smith, Atty. Gen. and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for respondents.
PER CURIAM.
Davidson James, a state prisoner under sentence of death, petitions this Court for a writ of habeas corpus and applies for a stay of execution. We have jurisdiction. Art. V, §§ 3(b)(1), (9), Fla. Const. Because the points James raises have no merit, we deny both the petition and the application for stay.
A jury convicted James of first-degree murder and recommended that he be sentenced to death. The trial court agreed with that recommendation and imposed the death penalty. We affirmed James' convictions and sentences. James v. State, 453 So.2d 786 (Fla.), cert. denied, ___ U.S. ___, 105 S.Ct. 608, 83 L.Ed.2d 717 (1984). The governor signed James' death warrant in February 1986, prompting the instant petition and application for stay.
James raises three points in his habeas corpus petition. First, he claims that his execution should be stayed because the United States Supreme Court is currently considering the constitutionality of "death-qualified" juries in Lockhart v. McCree, docket no. 84-1865 (argued Jan. 13, 1985). We have previously declined to reconsider this claim. Adams v. Wainwright, 484 So.2d 1211 (Fla. 1986); Kennedy v. Wainwright, *1236 483 So.2d 424 (Fla. 1986). More importantly, however, James (as did Adams) has improperly raised this issue. James' trial court excused no death-scrupled jurors for cause. There is, therefore, no foundation for his making this claim. Moreover, as in Adams, we find no merit to James' attempt to synthesize a claim based on State v. Neil, 457 So.2d 481 (Fla. 1984).
As his second point, James asks this Court to revisit the legality of his death sentence in light of Cabana v. Bullock, ___ U.S. ___, 106 S.Ct. 689, 88 L.Ed.2d 704 (1986), and to stay his execution pending disposition of State v. (Ricky) Tison, 142 Ariz. 446, 690 P.2d 747 (1984), and State v. (Raymond) Tison, 142 Ariz. 454, 690 P.2d 755 (1984), cert. granted, ___ U.S. ___, 106 S.Ct. 1182, 89 L.Ed.2d 299 (1986). In Cabana v. Bullock the Supreme Court held that some appropriate tribunal  an appellate court, a trial court, or a jury  must make the finding mandated by Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982), that a defendant killed, attempted to kill, or intended to kill.[1] James requested, and the trial court gave, an Enmund instruction. By an eleven to one vote James' jury found that he killed, attempted to kill, or intended that a killing take place, or intended that lethal force be used; on appeal we found the evidence sufficient to support the jury's finding. 453 So.2d at 791. Hence, James' reliance on Cabana v. Bullock is misplaced because, in this case, several appropriate tribunals made the requisite findings mandated by Enmund.
We also find that the pendency of the Tison cases does not require that we stay James' execution. By the date of the Tisons' original appeal, 1981, it appears that the Tisons' trials and appeals, as did Bullock's, occurred prior to the United States Supreme Court's filing of Enmund.[2] Although the Arizona Supreme Court concluded in a post-conviction proceeding that the Tisons intended to kill, it does not appear that an appropriate tribunal made the Enmund findings as required by Cabana v. Bullock.[3] The Tison cases, therefore, are factually distinguishable from the instant case.
In his third point James claims that the police violated Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). As James concedes, we considered this exact claim on appeal. 453 So.2d at 789-90. We refuse to reconsider it.
We find the claims presented in the instant petition to be without merit. We therefore deny the petition for habeas corpus and the application for stay of execution. We also deny the application for stay pending filing and disposition of a petition for writ of certiorari. No motion for rehearing will be allowed.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[1] Bullock was convicted and his conviction and sentence affirmed prior to the issuance of Enmund. Cabana v. Bullock, 106 S.Ct. at 694. (Bullock v. State, 391 So.2d 601 (Miss. 1980), cert. denied, 452 U.S. 931, 101 S.Ct. 3068, 69 L.Ed.2d 432 (1981).
[2] State v. (Ricky) Tison, 129 Ariz. 526, 633 P.2d 335 (1981), cert. denied, 459 U.S. 882, 103 S.Ct. 180, 74 L.Ed.2d 147 (1982); State v. (Raymond) Tison, 129 Ariz. 546, 633 P.2d 355 (1981), cert. denied, 459 U.S. 882, 103 S.Ct. 180, 74 L.Ed.2d 147 (1982).
[3] Ricky and Raymond Tison, along with a third brother and another man, engineered their father's escape from an Arizona state prison. During flight their car became disabled. Four people in a passing car stopped to help them. The gang killed these people and stole their car. Ricky and Raymond were each sentenced to death. Neither, however, fired the shots that killed the victims.