484 So.2d 1237 (1986)
Roy A. HARICH, Petitioner,
v.
Louie L. WAINWRIGHT, et al., Respondents.
No. 68455.
Supreme Court of Florida.
March 17, 1986.
Larry Helm Spalding, Capital Collateral Representative, Tallahassee and Jonathan F. Horn of Kaye, Scholer, Fierman, Hays and Handler, New York City, for petitioner.
Jim Smith, Atty. Gen. and Sean Daly, Asst. Atty. Gen., Daytona Beach, for respondents.
PER CURIAM.
Roy A. Harich, who is presently under sentence of death, petitions this Court for writ of habeas corpus and seeks a stay of execution. We have jurisdiction. Art. V, § 3(b)(1) and (9), Fla. Const. For the reasons expressed, we deny both the petition and the application for a stay.
In 1982, Harich was convicted of and sentenced to death for the first-degree murder of a teen-age girl. In addition, he was convicted of the attempted murder of another teen-age girl, the use of a firearm in the commission of a felony, and two counts of kidnapping. The surviving victim, who was the state's primary witness at the trial, testified that, after Harich sexually assaulted the murder victim, he forced both girls to lie down behind his van, shot each girl in the back of the head, walked to his van, returned to where the girls were lying, and cut their throats. The facts are contained in greater detail in Harich v. State, 437 So.2d 1082 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1329, 79 L.Ed.2d 724 (1984), in which we affirmed Harich's convictions and sentences.
Harich raises three points in this habeas corpus petition. First, he contends that relief should be granted because the constitutionality of "death-qualified" juries is presently being considered by the United States Supreme Court in Lockhart v. McCree, No. 84-1865 (U.S. argued Jan. 13, 1985). The narrow issue presented in that case is whether the state may constitutionally exclude for cause from the guilt phase of the trial jurors who can fairly determine guilt or innocence in a capital case, but who cannot impose a sentence of death in a subsequent penalty proceeding. We previously addressed and rejected Harich's argument in James v. Wainwright, 484 So.2d 1235 (Fla. 1986); Adams v. Wainwright, 484 So.2d 1211 (Fla. 1986); and Kennedy v. Wainwright, 483 So.2d 424 (Fla. 1986). Moreover, Harich concedes in this petition that at his trial "no veniremen were excluded" during voir dire, either for cause or through peremptory challenge. Harich presents nothing new in this petition, and we decline to revisit this issue.
In his second point, Harich asserts that his appellate counsel was ineffective for failing to raise the following three matters concerning an intoxication defense: (a) that the trial court erred in not instructing the jury on the affirmative defense of voluntary intoxication; (b) that trial counsel *1238 failed to request a jury instruction on voluntary intoxication; and (c) that the state attorney incorrectly advised the jury in final argument that voluntary intoxication could never be a defense to premeditated murder. In summary, petitioner asserts that fundamental error occurred because the jury was not instructed on the affirmative defense of voluntary intoxication and appellate counsel did not raise it on appeal.
The facts relevant to this issue reflect that Harich testified that he had been drinking beer and smoking marijuana all evening. He remembered picking up the girls, taking them into the woods to find more marijuana, and then bringing them back to the convenience store, where he left them. He denied committing the sexual assault on the murder victim, the murder, or the attempted murder. Two detectives testified that Harich had told them that he had been smoking marijuana and drinking beer all evening; however, the surviving victim testified that Harich did not appear to be intoxicated. Defense counsel argued in closing that, if the jury believed Harich committed the charged offenses, the jurors should contemplate whether an intoxicated person is capable of premeditation, but counsel did not request the trial judge to instruct the jury on the affirmative defense of intoxication.
We recently addressed the issue of voluntary intoxication in Linehan v. State, 476 So.2d 1262 (Fla. 1985), in which we held that
voluntary intoxication is an affirmative defense and that the defendant must come forward with evidence of intoxication at the time of the offense sufficient to establish that he was unable to form the intent necessary to commit the crime charged. We note that evidence of alcohol consumption prior to the commission of a crime does not, by itself, mandate the giving of jury instructions with regard to voluntary intoxication.
Id. at 1264. In a subsequent decision, Gardner v. State, 480 So.2d 91 (Fla. 1985), we reversed the defendant's conviction on the ground that the trial court erred in refusing to instruct the jury on the defense of voluntary intoxication. Witnesses for the state had testified that participants in the crime were "flying high" and that, not long after the crime, Gardner's "eyes looked high." This Court held that "[v]oluntary intoxication is a defense to the specific intent crimes of first-degree murder and robbery. A defendant has the right to a jury instruction on the law applicable to his theory of defense where any trial evidence supports that theory." Id. at 92 (citations omitted).
In the instant case, we find no ineffectiveness of appellate counsel under the standards of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in counsel's failure to raise the voluntary intoxication issue. We distinguish this case from Gardner on the grounds that the defendant in that case requested the trial judge to instruct the jury on voluntary intoxication, and did not take the stand to deny his participation in the offense with which he was charged. In contrast, Harich denied the murder and attempted murder, testifying that he had left the girls alive at the convenience store, and did not request an instruction on voluntary intoxication.[*] We find no ineffective assistance of appellate counsel or fundamental error.
Finally, Harich asserts that a portion of the prosecutor's closing remarks were improper and designed to mislead the jury. Defense counsel did not object to these remarks at trial. We find that the failure of appellate counsel to assert these comments as error does not constitute ineffective assistance of counsel, nor do we find *1239 these comments to be fundamental error. See Strickland.
Accordingly, we deny the petition for habeas corpus and deny the petition and the application for stay of execution.
It is so ordered.
No motion for rehearing will be allowed.
BOYD, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH, SHAW and BARKETT, JJ., concur.
NOTES
[*] We note that Florida Standard Jury Instructions in Criminal Cases, Second Edition, as amended on April 16, 1981, in 431 So.2d 594 (Fla. 1981), does not contain an instruction on intoxication as an affirmative defense; instructions are set forth only for the affirmative defenses of alibi (3.04(a)), insanity (3.04(b)), entrapment (3.04(c)), and self-defense (3.04(d)). The prior instructions, which were superseded by the 1981 amendment, included an affirmative defense instruction for intoxication, as well as for alibi, insanity, entrapment, and self-defense.