BOYD, Justice.
This proceeding is before the Court on a petition for writ of habeas corpus. Petitioner is a state prisoner under sentence of death. His capital conviction and sentence were previously appealed to this Court and were affirmed. Middleton v. State, 426 So.2d 548 (Fla.1982), cert. denied, 463 U.S. 1230, 103 S.Ct. 3573, 77 L.Ed.2d 1413 (1983).* We have jurisdiction to consider the petition and to grant relief if appropriate. Art. V, § 3(b)(9), Fla. Const. We find that no relief is warranted and therefore deny the petition.
In essence petitioner contends that his trial was not fair and that his appellate counsel was ineffective in that he did not persuade this Court to accept said proposition. We find that the unfairness at trial that petitioner complains of was not such; petitioner does not establish any error at trial. Therefore appellate counsel’s failure *749 to argue the issue on appeal was not ineffective assistance of counsel, nor could counsel’s handling of the appeal have prejudiced the appeal in any way on this point.
The ground upon which petitioner bases his premise of unfairness at trial is that prospective jurors were questioned regarding their ability to deliberate impartially on the question of capital sentencing and that certain potential jurors were excused because of their views expressed in response to such questioning. Petitioner argues that the procedure by which jurors’ qualifications to participate in deliberations in capital trials are determined produces juries that are partial in favor of the prosecution and violates the requirements of fairly representative jury panels. The petition cites as authority the decision of the Eighth Circuit Court of Appeals in Grigsby v. Mabry, 758 F.2d 226 (8th Cir.1985) (en banc), which decision provided support for petitioner’s contentions until it was reversed by the United States Supreme Court in Lockhart v. McCree, — U.S. -, 106 S.Ct. 1758, 90 L.Ed.2d 137 (1986).
The present petition was filed before the Supreme Court rendered its decision in Lockhart. The petition relies upon a number of published articles purporting to report the results of “studies” of the questions of the impartiality and representativeness of juries selected through the so-called “death qualification” process. The petition casually puts forth certain conclusions from these “studies” as though they were clearly established and universally accepted truth. Contrary to these assertions made on behalf of petitioner, these articles do not establish that the capital trial jury qualification process produces juries that are less fair and impartial than juries would be without this procedure. The procedure in question has a long history of use in Florida courts, is sanctioned by statutory law, procedural rules and judicial custom, and is known by Florida jurists and practitioners to produce fair and impartial juries. We had no hesitation in rejecting similar attacks before the United States Supreme Court made its decision in Lock-hart, e.g., Kennedy v. Wainwright, 483 So.2d 424 (Fla.1986), and we certainly have none now.
Because the legal issue appellate counsel is said to have neglected was clearly without merit and would not have reaped any benefit had it been argued on appeal, we find that there was no deficiency of performance and no prejudice.
Accordingly, the petition for writ of ha-beas corpus is denied.
It is so ordered.
McDonald, C.J., and ADKINS, OVER-TON, EHRLICH, SHAW and BARKETT, JJ., concur.

The evidence showed that petitioner murdered Gladys Johnson on February 14, 1980 in Dade County. 426 So.2d at 549-50.