547 So.2d 912 (1989)
Edward D. KENNEDY, Petitioner,
v.
STATE of Florida, Respondent.
No. 71678.
Supreme Court of Florida.
June 8, 1989.
Rehearing Denied August 30, 1989.
PER CURIAM.
Edward D. Kennedy, a prisoner under sentence of death, appeals the trial court's denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. We have jurisdiction, article V, section 3(b)(1), Florida Constitution.
Kennedy was convicted of two counts of first-degree murder and sentenced to death for killing Floyd H. Cone and Florida Highway Patrolman Robert P. McDermon. On appeal this Court affirmed the convictions and sentences. Kennedy v. State, 455 So.2d 351 (Fla. 1984). Review was denied by the United States Supreme Court. Kennedy *913 v. Florida, 469 U.S. 1197, 105 S.Ct. 981, 83 L.Ed.2d 983 (1985).
A death warrant was signed for Kennedy on January 16, 1985. Kennedy's application for extraordinary relief and petition for habeas corpus were filed with this Court on February 3, 1986. The requested relief was denied. Kennedy v. Wainwright, 483 So.2d 424 (Fla. 1986). Kennedy filed an application for stay of execution pending review of a petition for writ of certiorari in the United States Supreme Court, which granted the stay. Kennedy's petition for writ of certiorari in the United States Supreme Court was filed on June 11, 1986. The petition was denied. Kennedy v. Wainwright, 479 U.S. 890, 107 S.Ct. 291, 93 L.Ed.2d 265 (1986).
On January 2, 1987, Kennedy filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 in the circuit court to vacate the judgment and sentence. Kennedy's motion was summarily denied on September 4, 1987. Kennedy's motion for rehearing was also denied, and notice of appeal was filed in this Court on December 17, 1987.
On appeal Kennedy raises nine claims for relief. Eight of these claims were raised in his motion for postconviction relief before the trial court. In his ninth claim, Kennedy argues that he was entitled to an evidentiary hearing with respect to the claims he asserted in his rule 3.850 motion.[1]
In its order denying relief, the trial court correctly noted that six of the claims Kennedy raised were claims that either had been raised or could have been raised on direct appeal. As such, these matters are procedurally barred and cannot be relitigated by motion for postconviction relief under rule 3.850. Maxwell v. Wainwright, 490 So.2d 927 (Fla.) cert. denied, 479 U.S. 972, 107 S.Ct. 474, 93 L.Ed.2d 418 (1986). The trial court's summary denial of this portion of the motion as procedurally barred was proper.
Kennedy's remaining claims concern his alleged ineffective assistance of trial counsel. He argues that his trial counsel was ineffective for two reasons. First, Kennedy contends his trial counsel was ineffective for failing to investigate Kennedy's background adequately in order to present compelling mitigating evidence. Second, he argues that counsel should have submitted to the trial court the videotape of Kennedy's surrender to and arrest by law enforcement to show his remorse over this incident, and argued that the jury should view it.
A motion for postconviction relief can be denied without an evidentiary hearing when the motion and the record conclusively demonstrate that the movant is entitled to no relief. See Agan v. State, 503 So.2d 1254 (Fla. 1987); O'Callaghan v. State, 461 So.2d 1354 (Fla. 1984). A defendant may not simply file a motion for postconviction relief containing conclusory allegations that his or her trial counsel was ineffective and then expect to receive an evidentiary hearing. The defendant must allege specific facts that, when considering the totality of the circumstances, are not conclusively rebutted by the record and that demonstrate a deficiency on the part of counsel which is detrimental to the defendant. The test for determining whether counsel has been ineffective was established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and is set forth in our opinion in Maxwell v. Wainwright:
A claim of ineffective assistance of counsel, to be considered meritorious, must include two general components. First, a claimant must identify particular acts or omissions of the lawyer that are shown to be outside the broad range of reasonably competent performance under prevailing professional standards. Second, the clear, substantial deficiency shown must further be demonstrated to have so affected the fairness and the reliability of the proceeding that confidence in the outcome is undermined. *914 Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d [674] (1984); Downs v. State, 453 So.2d 1102 (Fla. 1984). A court considering a claim of ineffectiveness of counsel need not make a specific ruling on the performance component of the test when it is clear that the prejudice component is not satisfied. 490 So.2d at 932.
It is clear from the trial court's order that the trial judge was fully aware of his responsibility to review the record and files in this case and to analyze the allegations of ineffective assistance of counsel under the standard enunciated in Strickland.[2] The trial judge, after a thorough examination of the transcript of the trial and a proper application of the requirements of Strickland, made his determination that Kennedy's allegations of ineffective assistance of counsel were insufficient to require an evidentiary hearing. It was the trial judge's conclusion, and we agree, that Kennedy did not demonstrate how the failure to introduce any further information regarding his background other than that which was already before the jury prejudicially affected the outcome of his trial. Likewise, we agree with the trial judge that counsel's decision not to present the videotape of Kennedy's surrender and arrest to the jury was a matter of trial strategy. We find the record supports the trial judge's conclusion that there was no reasonable probability that the admission of this evidence would have altered or affected the outcome of the trial.
We affirm the denial of Kennedy's motion for postconviction relief. It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] We note that this, Kennedy's ninth issue, was raised in his posthearing memorandum of law to the trial court.
[2] The same passage quoted here from Maxwell appears in the trial court's order denying relief.