LAWRENCE, Judge.
Larry Wynn appeals an order of the trial court denying his rule 3.850 motion alleging ineffective assistance of counsel and lack of jurisdiction by the trial court to try him for first-degree murder and conspiracy to commit murder. We affirm.
The supreme court tells us:
A claim of ineffective assistance of counsel, to be considered meritorious, must include two general components. First, a claimant must identify particular acts or omissions of the lawyer that are shown to be outside the broad range of reasonably competent performance under prevailing professional standards. Second, the clear, substantial deficiency shown must further be demonstrated to have so affected the fairness and the reliability of the proceeding that confidence in the outcome is undermined. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d [674] (1984); Downs v. State, 453 So.2d 1102 (Fla.1984).
Kennedy v. State, 547 So.2d 912, 913-14 (Fla.1989).
We conclude that the allegations of Wynn’s motion are facially insufficient and therefore fail to meet these minimum standards.
Wynn’s allegation that the trial court lacked jurisdiction to entertain the case against him is totally without merit and requires no discussion.
Accordingly, we affirm the order of the trial court.
MICKLE, J., concurs.
WEBSTER, J., concurs in part and dissents in part, with opinion.