SORONDO, J.
(dissenting).
I respectfully dissent. Having read the entire transcript of the trial, the conclusion is inescapable that there was absolutely no evidence of voluntary intoxication to be presented therein. Indeed, there is affirmative evidence in the record that defense counsel had explored the possibility of pre *330 senting such a defense and concluded that it was not available. Before the trial began, the parties presented pre-trial motions to the court. The state made a motion in limine seeking the exclusion of any evidence concerning the defendant’s “drug addiction or lack thereof.” In ruling on the state’s motion the trial judge said:
I don’t know what will be placed in front of the jury. I don’t know, it has not been put before me any suggestion that the defendant was not competent or insane at the time of the incident. I don’t know if there are any pleadings as to that effect, so if he’s a drug addict, that’s not relevant to the case. Possibly if your client may be testifying. Although I don’t know whether he will or not, I’m sure you’ll decide that tomorrow. But, at any rate, unless, I don’t know if there is any indication, I don’t know what you’re offering as far as a defense innocence (sic) in this case.
Defense counsel responded to the court by saying: “ I wish it was intoxication, but he wasn’t.” This response clearly establishes that defense counsel considered the defense and discarded it as unavailable. The defendant was present when this statement was made and did not challenge it.
In Kennedy v. State, 547 So.2d 912 (Fla.1989), the Florida Supreme Court stated that a trial court could summarily deny a motion for post-conviction relief when the motion and record conclusively demonstrate that the movant is not entitled to relief.
In my view, the present record is sufficient to summarily deny the defendant relief.