GRIFFIN, J.,
concurring in part; dissenting in part.
I respectfully dissent.
The defendant, Martin David Kopko, has appealed the summary denial of his Rule 3.850 motion for post-conviction relief. The defendant was convicted in 1989 of sexual battery and lewd assault on a child and was sentenced to life in prison with a minimum mandatory term of twenty-five years and a concurrent fifteen year term. This court reversed the conviction in Kopko v. State, 577 So.2d 956 (Fla. 5th DCA 1991). We focused on the application of section 90.803(23), Florida Statutes, which allows the admission of out-of-court statements by a child alleged to be a victim of sexual abuse. This court reasoned that the purpose of that statute was to preserve a child victim’s testimony, not to authorize multiple repetition and reiteration of the child victim’s version of events through a variety of sources, including adult witnesses. The Supreme Court of Florida reversed, concluding that, to the contrary, such was expressly authorized by the statute; therefore, any limitation on the admission of such multiple out-of-court statements would be where the trial court determined that their probative value was outweighed by their prejudicial effect. See, § 90.403, Fla. Stat.
Following the decision of the Florida supreme court, several trial and appellate proceedings ensued directed solely to the question of a proper sentence for the lewd assault conviction. Mr. Kopko’s section 3.850 motion was finally ruled upon on the merits late last year. Mr. Kopko had raised thirteen claims of ineffective assistance of trial counsel. All of these claims were summarily denied by the trial court. I agree that twelve of these claims were appropriately summarily denied; however, I believe one requires further consideration in an evidentiary hearing.
In ground two of Mr. Kopko’s motion for post-conviction relief, he asserted that his trial counsel had been ineffective in his examination of a child protection team counselor. Prior to trial, the state had filed a motion seeking admission at trial of the CPT counselor’s videotaped interview with the child concerning the alleged abuse. The abuse had allegedly occurred several months earlier but was not reported until after Kopko and the victim’s mother separated. Trial counsel had challenged the admission of the tape on multiple grounds. Ultimately, in a pre-trial ruling, the court determined that the tape would not be allowed in evidence because its prejudicial value outweighed its probative value. Because the victim was able and expected to testify fully and competently at the trial concerning the alleged events, the court concluded the tape should not be admitted.
At trial, the CPT counselor was called and was allowed to recount fully her recollection of the interview with the victim that had been videotaped. Defense counsel, on *523 cross-examination, apparently for impeachment purposes, asked the CPT counselor to acknowledge that the videotape of the interview with the child would be “more accurate [than the counselor’s own recollection] and the best evidence of what really went on during that session.” In light of that question, the trial court ruled that the defense “had opened the door” and thereafter allowed portions of the videotape interview to be shown.
In summarily denying this ineffective assistance of counsel claim, the court did not conclude that counsel’s performance in eliciting this testimony was within the broad range of reasonably competent performance under prevailing professional standards. Rather, the court said:
“Assuming counsel’s performance was deficient because his questions prompted the trial court to change its earlier ruling and allow the videotape to be admitted, defendant still fails to establish the requisite prejudice. The videotape contained statements the child victim made prior to trial which were consistent with her trial testimony, so it may have bolstered her credibility. However, parts of the victim’s testimony were also corroborated by her mother and by Lobbes [the CPT counselor], This court concludes that the outcome of the trial would not have been different without the admission of the videotape.”
It is impossible to know what the outcome of the trial would have been with or without one or more recountings of essentially the same testimony. It does appear clear, however, that the lower court had concluded that allowing the videotape to be played would have been so prejudicial that it was not to be allowed in evidence until defense counsel opened the door. It also appears from this court’s earlier review of the case that a principal concern of this court was that the state’s case consisted entirely of the several reiterations of the victim’s version of events. This issue is further complicated by the fact that the trial court did permit some editing of the tape at trial in order to, in the words of the trial judge below: “allow counsel to edit the most highly prejudicial portions.” In my view, it is a close question whether this obvious trial error on the part of counsel that resulted in the admission of the tape “so affected the fairness and reliability of the proceeding that confidence in the outcome is undermined.” Kennedy v. State, 547 So.2d 912, 913-14 (Fla.1989). I would reverse to require a hearing on this claim.