445 So.2d 326 (1983)
James AGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 60476.
Supreme Court of Florida.
December 15, 1983.
Rehearing Denied March 8, 1984.
*327 P. Douglas Brinkmeyer, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
BOYD, Judge.
This cause is before the Court on appeal of a judgment of conviction of first-degree murder and a sentence of death. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Appellant was indicted for and pled guilty to the murder of Dana Dewitt. The murder took place on September 19, 1980, in the Florida State Prison where both appellant and the victim were inmates. On the day of the murder, appellant went to prison authorities and confessed to killing his fellow prisoner. Against the advice of court-appointed counsel, appellant testified before the grand jury that examined the evidence in the case. After being formally accused of the crime by indictment, appellant entered a plea of guilty to the charge of first-degree murder. In proceedings held to determine the voluntariness of the plea and the factual basis for it, appellant again testified in detail about the crime. At this hearing on appellant's guilty plea, the court extensively questioned him about his understanding of his constitutional rights, his knowledge of the consequences of pleading guilty, and the voluntariness of his plea. Appellant insisted upon waiving his right to a trial.
Appellant's grand jury and trial court testimony established the following facts. Appellant was a prisoner serving a life sentence without eligibility for parole for twenty-five years, having been convicted of first-degree murder. In prison, appellant was the victim of a robbery perpetrated by Dana Dewitt and another prisoner. Some time afterward, appellant and Dewitt had a fight. Appellant was disciplined for possession of a weapon and was placed in special restrictive confinement for two years. Appellant testified that during his disciplinary confinement he thought a great deal about getting revenge against Dewitt by murdering him.
After appellant's disciplinary confinement was over and he was returned to the general prison population, appellant was assigned to a job in a prison factory. There he fashioned a piece of metal into a knife using prison factory machinery. He chose a day and a time when he knew that no guards and few prisoners would be in the vicinity of Dewitt's cell. He went there and fatally stabbed Dewitt in the neck.
Appellant told the grand jury that he had confessed to the crime and would plead guilty in hopes of receiving a life sentence so that he could return to prison and murder the other prisoner who had robbed him years earlier. Subsequently, he reiterated before the court that in pleading guilty he hoped to get a life sentence so that he could return to prison and kill again.
*328 In further support of a factual basis for the plea, the state submitted a transcript of the grand jury proceeding and the result of the autopsy showing that Dewitt died from a stab wound in his neck.
After accepting the plea of guilty, the court proceeded to the sentencing phase of the trial. Appellant waived the right to have a jury hear the evidence and submit an advisory sentencing verdict. The state presented evidence showing that at the time of the murder, appellant was serving a sentence for another first-degree murder. Appellant declined to present any evidence in mitigation. After hearing arguments from both sides, the trial judge found that the murder was committed in a cold and calculating manner and that appellant was serving a term of imprisonment for murder at the time and sentenced appellant to death. In his written findings in support of the death penalty, however, the judge failed to mention the aggravating circumstance of the murder being committed in a cold and calculated manner. Instead he wrote:
The question of penalty was addressed. The Court finds the following aggravating factors apply in this case:
1. The Defendant was under sentence of imprisonment  for murder  when this crime was committed.
2. The Defendant had previously been convicted of First Degree Murder and Robbery.
There are no other applicable statutory aggravating factors.
There are no applicable statutory mitigating factors. The record shows this was a merciless revenge killing; planned over a period of two years; coldly executed and cruel. The Defendant shows no remorse but seeks rather a chance to kill again.
In this appeal Agan raises four issues concerning the propriety of the death sentence. His first argument is that the trial court improperly found as two separate aggravating circumstances that he was under sentence of imprisonment and that he had previously been convicted of a crime involving violence. However, where these two aggravating factors are not based on the same essential feature of the crime or of the offender's character, they can be given separate consideration. Waterhouse v. State, 429 So.2d 301 (Fla. 1983).
Appellant's second argument is that the trial court improperly considered lack of remorse as an aggravating circumstance. This Court recently held that lack of remorse may not be considered as an aggravating circumstance or in enhancement of a proper statutory aggravating circumstance. Pope v. State, 441 So.2d 1073 (Fla. 1983). However, as the above-quoted findings indicate, the trial court mentioned lack of remorse not in connection with aggravating factors but rather in connection with the finding that there were no mitigating circumstances. The judge referred to the absence of remorse in support of his rejection of defense counsel's arguments for mitigation on the ground of mental or emotional disturbance and on the ground of appellant's prompt confession and plea of guilty. Thus the evidence was used not in aggravation but only to negate mitigation. There was no error in this limited consideration of the absence of remorse for his crime on the part of appellant.
Next appellant argues that the trial court erred in not considering his age, 54, as a mitigating circumstance. This mitigating circumstance usually applies to those youthful in age because of society's responsibility for overseeing the welfare of the young. Since society also has the responsibility of protecting those suffering from the infirmities of aging, see In re Byrne, 402 So.2d 383 (Fla. 1981), appeal dismissed, 455 U.S. 1009, 102 S.Ct. 1699, 72 L.Ed.2d 127 (1982), this mitigating circumstance may also be applied to older persons. However, we do not find that at the time of the crime appellant had reached an age requiring special consideration. We therefore find no error in not finding his age to be a mitigating circumstance.
Finally, appellant argues that the trial court erred by failing to consider any *329 non-statutory mitigating circumstances. Appellant claims that his willingness to cooperate by confessing, appearing before the grand jury, and pleading guilty should have been considered as a mitigating circumstance. See Washington v. State, 362 So.2d 658 (Fla. 1978), cert. denied, 441 U.S. 937, 99 S.Ct. 2063, 60 L.Ed.2d 666 (1979). As was stated above, however, it is apparent that the trial judge did consider and reject this willingness to cooperate as a mitigating circumstance by finding that Agan was not remorseful, but was rather seeking a chance to kill again. No evidence was offered or arguments made as to the applicability of any other non-statutory mitigating factors. Thus we conclude that the trial court did consider all the non-statutory mitigating factors there were to be considered.
Having found no errors, we affirm the conviction of first-degree murder and the sentence of death.
It is so ordered.
ALDERMAN, C.J., and ADKINS, OVERTON, McDONALD and EHRLICH, JJ., concur.