WILLIS, BEN C., (Ret.), Associate Judge.
This is an appeal from a guidelines sentence in which the trial court departed from the guidelines. Appellant raises only one point on appeal, arguing that in departing from the guidelines the trial court improperly utilized appellant’s exercise of his right to remain silent. We Affirm.
Appellant was charged with and pled nolo contendré to attempted first degree murder and armed robbery. His recommended sentence was 12 to 17 years incarceration. The state recommended an aggravated sentence based on the cold-blooded nature of the offenses and the severe injuries to the victim. Appellant presented witnesses and evidence in mitigation. One such witness was appellant’s sister who testified concerning appellant’s cooperation with authorities. Appellant was sentenced to 55 years incarceration for the attempted murder count, and 3 years incarceration for the armed robbery count, to run concurrently.
In his oral pronouncement of sentence, the trial court rejected the evidence presented in mitigation. More specifically, in response to the sister’s testimony in mitigation, the trial court stated:
There was testimony about apparently Mr. Jordan’s desire to cooperate with authorities as far as the drug problem, that he was going to turn himself around. There’s no evidence to indicate — other than from what the sister indicated, and I do not disbelieve [sic] your testimony one bit other than to compare that with Mr. Jordan’s action in this particular offense where he was arrested. He did not cooperate one bit; apparently did not indicate where any money was; indicated no willingness whatsoever to cooperate. And had he formed that intent earlier as the sister had indicated, it certainly left him at the time that he was arrested for this more serious particular offense. He did nothing to cooperate or any type of admissions.
This reference to appellant’s lack of cooperation in the oral pronouncement of sentence is the only error raised on appeal.
It is well established that absent any legal obligation of a defendant to cooperate, defendant’s failure to cooperate is an improper reason for departure; however, defendant’s cooperation with law enforcement officers can be grounds for reducing or suspending a sentence pursuant to § 893.13(3), F.S. Banzo v. State, 464 So.2d 620 (Fla. 2nd DCA 1985); Hearn v. State, 470 So.2d 826 (Fla. 2nd DCA 1985). In this *514 case appellant presented evidence of cooperation in mitigation. This evidence was rejected by the trial court. Appellant has taken the trial court’s reasons for rejecting mitigation out of context and argues that these were reasons for aggravation. In this respect Agan v. State, 445 So.2d 326 (Fla.1983), is directly on point. In Agan, the Supreme Court found no error in the trial court’s consideration of lack of remorse in connection with arguments for mitigation.[1]
We find no error in the trial court’s reference to appellant’s lack of cooperation with authorities which was used to negate mitigation, not to aggravate.
Further support for this conclusion is found in the trial court’s explicit, written reasons for departing from the recommended guidelines sentence wherein no reference is made to appellant’s lack of cooperation. Written reasons are required to facilitate appellate review and only written reasons may be considered on review. See Rule 3701(d)(ll); Boynton v. State, 473 So.2d 703 (Fla. 4th DCA 1985); Holt v. State, 472 So.2d 551 (Fla. 1st DCA 1985); State v. Jackson, 478 So.2d 1054 (Fla.1985).
Accordingly, the order is AFFIRMED.
BOOTH, C.J., and ZEHMER, J., concur.

. "[T]he trial court mentioned lack of remorse not in connection with aggravating factors but rather in connection with the finding that there were no mitigating circumstances. The judge referred to the absence of remorse in support of his rejection of defense counsel's arguments for mitigation on the ground of mental or emotional disturbance and on the ground of appellant's prompt confession and plea of guilty. Thus the evidence was used not in aggravation but only to negate mitigation. There was no error in this limited consideration of the absence of remorse for his crime on the part of appellant.” 445 So.2d at 328.