503 So.2d 1254 (1987)
James AGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 67831.
Supreme Court of Florida.
February 5, 1987.
Rehearing Denied April 7, 1987.
*1255 Larry Helm Spalding, Capital Collateral Representative and Mark Evan Olive, Litigation Coordinator, Office of the Capital Collateral Representative, Tallahassee, and Jack A. Goldberger, of Atterbury, Goldberger & Richardson, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., and Mark C. Menser and Wallace E. Allbritton, Asst. Attys. Gen., Tallahassee, for appellee.
PER CURIAM.
This is an appeal from the order of the circuit court denying, without an evidentiary hearing, James Agan's motion to vacate judgment and sentence filed under Florida Rule of Criminal Procedure 3.850. Jurisdiction of the appeal lies with this Court because appellant was previously convicted of first-degree murder and sentenced to death and his appeal was decided by this Court. Art. V, § 3(b)(1), Fla. Const.
On the previous appeal, this Court affirmed appellant's conviction and sentence of death. Agan v. State, 445 So.2d 326 (Fla. 1983), cert. denied, 469 U.S. 873, 105 S.Ct. 225, 83 L.Ed.2d 154 (1984). In February of 1985, the Governor of Florida signed a warrant for the execution of the sentence setting the execution for the week of March 13-20, 1985. Thereafter, Circuit Judge R.A. Green of the Eighth Judicial Circuit granted a temporary stay of execution to allow Agan time to obtain counsel to assist him in seeking post-conviction relief. The State of Florida sought review of the circuit judge's action and moved to vacate the stay by means of a petition for writ of prohibition. This Court denied the state's request. State v. Green, 466 So.2d 218; In re Agan, 466 So.2d 217 (Fla. 1985). After counsel was appointed, the death warrant expired and the post-conviction proceeding went forward with the final outcome being a denial of relief, the appeal of which is before us now.
Appellant's adjudication of guilt of first-degree murder was based upon his plea of guilty to the charge. After being adjudged guilty, appellant waived the right to have a jury hear evidence and make a sentencing recommendation. Agan v. State, 445 So.2d at 327, 328.
Appellant presents the following arguments. (1) He argues that his plea of guilty and waiver of rights were invalid because he was incompetent to make them. He argues that the court below should have held an evidentiary hearing on these allegations. (2) Appellant contends that he received ineffective assistance of counsel before and at the time of his waivers of rights and plea of guilty, and that the court below should have held an evidentiary hearing on this point. (3) Appellant argues that the proceedings held when his plea of guilty was tendered and in determining his sentence were improper and that his statements were improperly used against him in these proceedings. (4) Appellant argues that at the time he tendered his plea of guilty, the state had exculpatory evidence in its possession that should have been provided to the trial court and defense counsel. We find all of these contentions to be without merit and so affirm the denial of post-conviction relief.
On his first point appellant asserts that he was not competent to enter a plea and that the trial court at the time the guilty plea was entered should have ordered expert evaluation of his competency. Appellant relies heavily on the decisions of the United States Supreme Court in Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); and Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960), and this Court's decision in Hill v. State, 473 So.2d 1253 (Fla. 1985). The principle of law stated by these decisions is that a trial *1256 court, on its own motion, must order inquiry into the defendant's mental competence to stand trial (or, as in this case, to formally respond to criminal charges) if there is evidence, information, or any showing before the court that raises questions concerning the defendant's competency. Appellant says that his behavior before the trial court did raise questions so there should have been a professional evaluation and hearing on competency. The mere fact, however, that a defendant confesses his guilt, pleads guilty, and disregards the advice of counsel, is not by itself sufficient to raise questions about mental competency. Appellant in effect argues that there was information available casting doubt on his competency and that the trial court on its own motion should have discovered such information. Appellant's argument would require a competency inquiry in virtually every case in which an accused person makes a decision perceived by others as being unwise.
A motion to vacate judgment may be denied without an evidentiary hearing where the motion and the record of the case conclusively demonstrate that the movant is entitled to no relief. E.g. Lightbourne v. State, 471 So.2d 27 (Fla. 1985). Here the trial judge, who was the same judge who presided at the proceedings when appellant pled guilty and was sentenced, could reasonably and properly have determined that appellant was conclusively shown to be entitled to no relief.
In his second point on appeal appellant argues that during the proceedings in which he pled guilty and was sentenced to death, he received ineffective assistance of counsel. In support of this argument he asserts that his lawyers performed no investigation about the crime or appellant's background. The record of the proceedings shows that, against the advice of counsel, appellant pled guilty thus relieving the state of the burden of proving guilt. An investigation into whether there were doubts about guilt was rendered pointless by the appellant's own act. If appellant had pled not guilty, then there would have been some purpose for an investigation by counsel. Moreover, appellant himself, against the advice of counsel, decided not to make any kind of presentation to the court on the matter of sentencing. We cannot know what evidence and argument defense counsel would have uncovered and presented had he been authorized by his client to undertake such a course of representation. The appellant himself forbade it. We therefore find that the trial court was correct in denying the motion without a hearing.
Appellant's third argument is that his statements to investigative officers and to the grand jury should not have been used against him and that the plea acceptance proceeding and the sentencing proceeding did not comport with due process principles. Appellant also argues that the aggravating circumstances found in support of the death sentence were based on stipulated facts rather than evidence and appellant was not adequately informed of the meaning and effect of the stipulations. These are arguments which could have been raised by objection in the trial court and presentation to this Court on appeal. Thus they are not cognizable under rule 3.850. E.g., Raulerson v. State, 462 So.2d 1085 (Fla. 1985). Appellant did not object at trial or dispute any of the state attorney's arguments or statements or the court's findings. As this Court found in deciding the appeal, the trial court questioned appellant extensively about the voluntariness of his plea of guilty and his knowledge of its consequences. The suggestion made now that there should have been detailed instruction to appellant by the court on the nature and consequences of the factual stipulations he made is completely without merit. It is not to be assumed that counsel did not advise his client on these matters. Indeed the record conclusively shows that appellant knew he was facing a possible death sentence. Appellant's own actions, relieving the state of the burden of proving aggravating circumstances by competent evidence, by admitting their existence, did not deprive the proceeding of all legality as is argued now. The arguments are improper and completely without merit.
*1257 Appellant's final argument on appeal  that the state deceived defense counsel and the court into believing and accepting appellant's confessions and plea  is frivolous. There is no question of the sufficiency of evidence of guilt because appellant pled guilty. The court made a proper inquiry into the factual basis for the plea. The question of what the evidence would have showed had the case gone to trial is simply irrelevant. Thus there was no suppression of evidence by the state.
We affirm the denial of the motion for post-conviction relief.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW and BARKETT, JJ., and ADKINS, J. (Ret.), concur.