PER CURIAM.
James Agan, under death warrant, petitions this Court for a writ of habeas corpus and a stay of execution. We have jurisdiction pursuant to article V, section 3(b)(9) of the Florida Constitution, and for the reasons which follow, we deny both the stay and the writ.
This is the third appearance by Mr. Agan before this Court, and both parties have waived oral argument in this matter. The facts of this case are sufficiently set forth in the two previous opinions by this Court.*
Mr. Agan presents two claims in this petition. The first involves the alleged failure of the sentencing judge to expressly consider nonstatutory mitigating circumstances in imposing the sentence of death. Initially, it should be noted that this issue was raised by Agan at his direct appeal. The intervening United States Supreme Court decision in Hitchcock v. Duggar, — U.S.—, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987), does not require us to reexamine that issue as it presents no new issues of law as to this case. Moreover, we have disposed of this issue adverse to Agan in his previous appeal to this Court. We have already held, in Agan I, that it is clear from the record the trial judge did consider both statutory and nonstatutory mitigating factors.
The second issue raised by Agan concerns the charge that his appellate counsel provided ineffective assistance during the course of his initial appeal. This claim, based on the alleged failure to raise issues regarding statements made by Agan to the grand jury and during the sentencing proceeding, presents no new issues in light of Agan’s persistent desire to go on record as having committed the murder, and willing to return to the prison population in order to kill again. Counsel’s failure to allege the inadmissibility of these statements could not be called ineffective due to Agan’s repeated willingness to confess to both the crime, and the desire to repeat the crime. Agan’s lack of cooperation with counsel, and his refusal to allow his counsel to perform his duties does not render counsel ineffective. Rather, it serves to excuse counsel from such charges.
We deny the stay of execution as well as the writ of habeas corpus.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NO MOTION FOR REHEARING WILL BE ALLOWED.

 The previous opinions are reported as: Agan v. State, 445 So.2d 326 (Fla.1983), cert. denied, 469 U.S. 873, 105 S.Ct. 225, 83 L.Ed.2d 154 (1984) (Agan I); Agan v. State, 503 So.2d 1254 (Fla.1987) (Agan II).