James C. AGAN, Petitioner-Appellant,

v.

Richard DUGGER, Secretary, Florida Department of Corrections, Robert L. Butterworth, Attorney General, Respondents-Appellees.

No. 87–3448.

United States Court of Appeals, Eleventh Circuit.

June 25, 1987.

Mark E. Olive, Asst. Capital Collateral Representative, Tallahassee, Fla., for petitioner-appellant.

Mark C. Menser, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for respondents-appellees.

Before FAY, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

The facts of this death penalty case are amply set forth in the Florida Supreme Court's opinion on defendant Agan's direct appeal. *Agan v. State,* 445 So.2d 326 (Fla. 1983). The procedural history has been adequately set out in the district court opinion denying Agan habeas relief, a stay of execution, and a certificate of probable cause. *Agan v. Dugger,* slip op. (M.D.Fla. June 24, 1987).

Of the numerous issues raised by Agan in his appeal to this court, we need only address Agan's claim that he is entitled to an evidentiary hearing with respect to ineffective assistance of counsel in reaching our conclusion that a certificate of probable cause must issue in this case. We note that no court, state or federal, has afforded Agan an evidentiary hearing on this matter.

Agan's proffer of evidence suggests that his trial attorney spent a total of only 15 hours working on the case. Those 15 hours include time the attorney spent for investigation, at the guilty plea hearing, and at the sentencing hearing. Agan claims that his attorney conducted little or no investigation either for the guilt or sentencing phase of his case. The proffer further suggests that any adequate investigation would have disclosed substantial exculpatory evidence, including the following: that Agan had a significant history of mental problems, had been diagnosed at one or more times as psychotic and as a paranoid

schizophrenic, had been taking medicine for psychosis at times crucial to the facts of this case, and, in the recent opinion of one Dr. Fox, was incompetent to stand trial at the time of the plea and sentencing hearing; that one of the prison officials who investigated the murder had a question as to whether Agan was the killer; that one or more inmates had pointed to someone other than Agan as the killer; and that one or more inmates had seen this other person leaving the area of the murder at about the crucial time. Furthermore, the proffer offers some evidence to suggest the possibility that Agan, for some reason—perhaps attributable to his mental problems—confessed, although innocent, and possibly was induced in this regard and coached by other inmates, possibly with the cooperation of prison officials.

Both the state courts and the district court discounted the foregoing proffer, holding that Agan's plea of guilty and detailed confessions made any such evidence irrelevant. That perspective overlooks the fact that the proffered evidence of mental problems is highly relevant to Agan's competence to stand trial and to the validity of the guilty plea itself. Moreover, all of the foregoing evidence would have been highly relevant at sentencing, even if the guilty plea itself were valid.

We conclude that Agan has made a " 'substantial showing of the denial of [a] federal right' " and that the issue is ' "debatable among jurists of reason.' " *Barefoot v. Estelle*, 463 U.S. 880, 893 and n. 4, 103 S.Ct. 3383, 3394 and n. 4, 77 L.Ed.2d 1090 (1983) (citations omitted). Thus, we hold that a certificate of probable cause must issue. The execution is stayed until further order of this court. "[A] court of appeals, where necessary to prevent the case from becoming moot by the petitioner's execution, should grant a stay of execution pending disposition of an appeal when a condemned prisoner obtains a certificate of probable cause on his initial habeas appeal." *Barefoot*, 463 U.S. at 893–94, 103 S.Ct. at 3395. The Clerk is directed to issue immediately the briefing schedule.

Agan's motion for a certificate of probable cause is GRANTED.

Agan's motion for a stay of execution is GRANTED UNTIL FURTHER ORDER.