560 So.2d 222 (1990)
James AGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 74729.
Supreme Court of Florida.
April 12, 1990.
Rehearing Denied May 29, 1990.
Larry Helm Spalding, Capital Collateral Representative, and Martin J. McClain, Asst. Capital Collateral Representative, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Mark C. Menser, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
James Agan, a prisoner under sentence of death, appeals the trial court's denial of relief requested in his motion for postconviction relief. See Fla.R.Crim.P. 3.850. We have jurisdiction. Art. V, § 3(b)(1), (7) & (9), Fla. Const.
An extensive procedural history precedes this case. See Agan v. Dugger, 835 F.2d 1337 (11th Cir.1987), cert. denied, 487 U.S. 1205, 108 S.Ct. 2846, 101 L.Ed.2d 884 (1988); Agan v. Dugger, 828 F.2d 1496 (Fla. 1987); Agan v. Dugger, 508 So.2d 11 (Fla. 1987); Agan v. State, 503 So.2d 1254 (Fla. 1987); In re Agan, 466 So.2d 217 (Fla. 1985) (mem.); Agan v. State, 445 So.2d 326 (Fla. 1983), cert. denied, 469 U.S. 873, 105 S.Ct. 225, 83 L.Ed.2d 154 (1984). The facts are recited in detail in Agan's direct appeal. Agan, 445 So.2d at 326.
In this second motion pursuant to rule 3.850, Agan raises anew a prior claim that the state attorney at his trial violated Florida discovery rules as well as Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by withholding allegedly exculpatory evidence. This claim previously has been raised on a rule 3.850 motion. Agan v. State, 503 So.2d 1254, 1255 (Fla. 1987). Agan now contends that on or after October 31, 1988, an investigator for Agan's counsel was given a brief opportunity to scan a Department of Corrections file and later alleged that it contained exculpatory information previously unknown to Agan. Agan's counsel subsequently sought access to the file under Florida's Public Records Act, chapter 119, Florida Statutes (1985), and was provided a copy in January 1989.
The facts alleged by Agan clearly are controlled by our prior holding in Demps v. State, 515 So.2d 196, 198 (Fla. 1987), where we stated:

*223 The [public records] act was equally available ... prior to January 1, 1987, the cut off date for post-conviction relief in the instant case. Rule 3.850 bars an untimely petition based on information previously ascertainable through the exercise of due diligence.
Like Demps, Agan also had until January 1, 1987, to avail himself of the public records act and file for relief. Moreover, after this deadline had passed, Agan raised the precise claim now before this Court and, once again, did not avail himself of the public records act. This claim thus is doubly barred.
We find the remaining claims also procedurally barred. These are: (1) the evidence discovered pursuant to Agan's public records act request supports his innocence, thus entitling him to relief; (2) the trial court failed to provide serious and independent consideration of nonstatutory mitigating evidence; (3) the trial court failed to provide a factual basis in support of the death sentence; and (4) the case involves unconstitutional doubling of aggravating factors. All of these claims either were or should have been raised in the prior proceedings before this Court. The conclusion of the trial court below is affirmed.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs specially with an opinion.
BARKETT, Judge, concurring specially.
In light of Agan's several confessions and admission to the trial judge when he pled guilty to this crime, I find the claims asserted meritless.