599 So.2d 991 (1992)
Edward D. KENNEDY, Petitioner,
v.
Harry K. SINGLETARY, etc., et al., Respondent.
Edward D. KENNEDY, Appellant,
v.
STATE of Florida, Appellee.
Nos. 79736, 79741.
Supreme Court of Florida.
April 30, 1992.
Billy H. Nolas and Julie D. Naylor, Ocala, for petitioner/appellant.
Robert A. Butterworth, Atty. Gen. and Richard B. Martell, Asst. Atty. Gen., Tallahassee, for respondent/appellee.
PER CURIAM.
Edward D. Kennedy, a prisoner under sentence of death and the governor's death warrant, petitions this Court for writ of habeas corpus. He also appeals from a denial of relief sought in the trial court under Florida Rule of Criminal Procedure 3.850. We have jurisdiction over these consolidated cases. Art. V, § 3(b)(1), (9), Fla. Const.
The facts of Kennedy's crime and the extensive procedural history of this case are recited in the prior opinions of this Court and the federal courts. Kennedy v. Dugger, 933 F.2d 905 (11th Cir.1991) (habeas), cert. denied, ___ U.S. ___, 112 S.Ct. 957, 117 L.Ed.2d 124 (1992); Kennedy v. State, 547 So.2d 912 (Fla. 1989) (appeal 3.850); Kennedy v. Wainwright, 483 So.2d 424 (Fla.) (habeas), cert. denied, 479 U.S. 890, 107 S.Ct. 291, 93 L.Ed.2d 265 (1986); Kennedy v. State, 455 So.2d 351 (Fla. 1984) (direct appeal), cert. denied, 469 U.S. 1197, 105 S.Ct. 981, 83 L.Ed.2d 983 (1985).
Subsequently, Kennedy filed a successive habeas in this Court and a successive motion under Rule 3.850 in the trial court. The latter was summarily denied on April 27, 1992, on grounds of procedural bar and abuse of process. That same day we stayed the pending execution of Kennedy until 5:00 p.m., May 1, 1992, to provide sufficient time for us to review the present *992 petition and appeal, and to receive and consider the State's response. The governor has rescheduled execution for 5:01 p.m., May 1, 1992.
In the appeal from the trial court's denial of relief, Kennedy raises two issues. He first argues that trial counsel was prejudicially ineffective for failing to investigate and present available mitigating evidence. We find this claim barred as one that was litigated or, to the extent that new facts are alleged, could have been litigated in the earlier direct appeal or collateral challenges. Agan v. State, 560 So.2d 222 (Fla. 1990). Second, Kennedy contends that his trial was tainted by the presence of armed, uniformed state troopers in the courtroom during trial. This claim also is procedurally barred because it was raised and rejected in Kennedy's prior appeal from an unfavorable ruling pursuant to Rule 3.850. Id. Accordingly, the trial court's denial of relief is affirmed.
In his habeas petition, Kennedy raises a variety of issues dealing with the weighing of aggravating and mitigating factors in the trial court. He first contends that error occurred because the trial court failed to instruct the penalty phase jury about the mitigating factor of extreme emotional duress, which counsel had argued in defense and which the trial court expressly found in its order. Our examination of this case reveals that defense counsel failed to object to the trial court's omission, and appellate counsel did not raise the issue on appeal. The claim thus is procedurally barred. In the ensuing collateral challenges, Kennedy has fully litigated his claims of ineffective assistance of counsel. He therefore cannot raise the issue afresh under the guise of yet another claim of ineffectiveness. See Agan.
Next, Kennedy argues that this Court has erred in its method of analyzing cases, such as this one, in which aggravating factors have been held invalid on appeal. The United States Supreme Court's most recent opinion on this question, Stringer v. Black, ___ U.S. ___, 112 S.Ct. 1130, 117 L.Ed.2d 367 (1992), self-evidently did not announce a change in the law but merely discussed and applied well-established principles. In any event, Stringer and the cases on which it rests are entirely consistent with the method of analysis we employed on direct appeal in this case. In our opinion on direct appeal, we expressly found the error resulting from consideration of an invalid aggravating factor to be harmless, Kennedy, 455 So.2d at 355, which is all that Stringer requires. Id. 112 S.Ct. at 1137. Even if this claim was not procedurally barred, we would find no error.
Nor are we persuaded that the pendency of Sochor v. Florida, ___ U.S. ___, 112 S.Ct. 436, 116 L.Ed.2d 455 (1991) (granting certiorari), reviewing, 580 So.2d 595 (Fla. 1991), has any bearing on this case. Sochor is distinguishable from the present case because in Sochor the defendant is asserting that this Court failed either to conduct harmless-error analysis or reweigh the evidence after striking an invalid aggravating factor. On the other hand, it is clear on the face of our opinion in the instant case that we did engage in a harmless-error analysis. Kennedy, 455 So.2d at 355.
Next, Kennedy argues that allowing consideration of the aggravating factor of heinous, atrocious, or cruel tainted the entire penalty phase, requiring a new sentencing hearing. This claim either has been litigated, or could have been litigated, in the earlier proceedings in this case and thus is procedurally barred. Agan. For the same reason, a procedural bar prohibits consideration of Kennedy's related contention that the factor of heinous, atrocious, or cruel is facially vague; and that this Court erred in failing to consider these issues on direct appeal although the error was not raised by counsel. Id.
For the foregoing reasons, we find no basis for granting Kennedy the relief he requests. The temporary stay we previously granted shall remain in force until 5:00 p.m., May 1, 1992, but no longer.
It is so ordered.
*993 SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and HARDING, JJ., concur.
KOGAN, J., concurs specially with an opinion.
KOGAN, Justice, specially concurring.
I concur only because the extensive procedural history supports no conclusion other than that Kennedy's present claims are procedurally barred. In doing so, I express my grave doubts about the way this Court handled the initial direct appeal and the subsequent claim of ineffective assistance of counsel. I also emphasize for the record that the present case implicates an issue now pending before the United States Supreme Court: Whether the Florida Supreme Court is violating the constitutional rights of inmates sentenced to death based partly on invalid aggravating factors, as was Kennedy. See Sochor v. Florida, ___ U.S. ___, 112 S.Ct. 436, 116 L.Ed.2d 455 (1991) (granting certiorari), reviewing, 580 So.2d 595 (Fla. 1991).
In Sochor, this Court approved a death penalty after finding one of four aggravating factors invalid. Noting that no mitigating evidence was present, Sochor declared that death was a proportionate penalty and affirmed on that basis. There was no mention of the reweighing of evidence or of harmless-error analysis in the opinion. Sochor, 580 So.2d at 604.
I now think it very likely that the Court erred in this conclusion. In the recent case of Stringer v. Black, ___ U.S. ___, 112 S.Ct. 1130, 117 L.Ed.2d 367 (1992), the United States Supreme Court set forth an extensive analysis of the appellate court's obligations when aggravating factors are declared invalid in a state such as Florida, where aggravating and mitigating factors must be weighed against each other in determining the capital felon's sentence. There, the Court stated:
We require close appellate scrutiny of the import and effect of invalid aggravating factors to implement the well-established Eighth Amendment requirement of individualized sentencing determinations in death penalty cases. In order for a state appellate court to affirm a death sentence after the sentencer was instructed to consider an invalid factor, the court must determine what the sentencer would have done absent the factor. Otherwise, the defendant is deprived of the precision that individualized consideration demands... .
Id. 112 S.Ct. at 1136-37 (citations omitted). The Stringer Court went on to observe:
[W]hen the sentencing body is told to weigh an invalid factor in its decision, a reviewing court may not assume it would have made no difference if the thumb had been removed from death's side of the scale. When the weighing process itself has been skewed, only constitutional harmless-error analysis or reweighing at the trial or appellate level suffices to guarantee that the defendant received an individualized sentence.
Id. at 1137.
The foregoing analysis casts grave doubt on the opinion in Sochor, and I believe it also calls into question the methods the Court used in the direct appeal of the present case. It is true that the first opinion in this case, Kennedy v. State, 455 So.2d 351, 355 (Fla. 1984), made a gesture in the direction of harmless-error analysis  but it was only a gesture, and an unconvincing one at that. Initially the Court struck three of seven aggravating factors, including the two most serious ones.[1] Next the Court affirmed the mitigating factor that Kennedy was acting under extreme emotional duress when he committed his crime. Then, the Court set forth its entire harmless-error analysis in two threadbare sentences:
Even with the improper factors eliminated, the trial court's determination that the single mitigating factor did not outweigh the aggravating circumstances found to exist remains the appropriate result under the law. The erroneous *994 findings did not prejudicially affect the weighing process and thus were harmless error.
Kennedy, 455 So.2d at 355 (emphasis added).
I find two defects in this analysis. First, this language verges on boilerplate, and it certainly is devoid of any meaningful analysis. I fail to see how the summary conclusion in Kennedy constituted a "close appellate scrutiny of the import and effect of invalid aggravating factors." Stringer, 112 S.Ct. at 1136. As a matter of conscience, if not law, I believe we are obligated as a Court to do something more than mumble the magic words "harmless error" when we excuse a patent violation of death-penalty law. This especially is true in a case such as this one, where a very large part of the case for aggravation was both invalid and a highly prominent feature of the trial. For example, the prosecutor harangued the jury with a lengthy, bloody, and highly graphic description[2] of matters he felt justified a finding of heinous, atrocious, or cruel  even though this factor could not have existed in the present case as a matter of Florida law.
Second and more importantly, in Kennedy the Court completely neglected to analyze the impact of the trial court's instructions on the penalty phase jury. This appellate omission to my mind is serious because, under Florida law, the jury's recommendation of life or death carries great weight and must be accepted by the trial court unless virtually no reasonable person could concur. Tedder v. State, 322 So.2d 908 (Fla. 1975). Thus, in a practical sense, a Florida penalty phase jury shares discretion with the trial court in determining the sentence, because the trial court can reject the jury's determination only in a very narrow class of cases. If the jury is instructed or harangued on factors that could not exist as a matter of law  as happened here  then the thumb remains firmly pressed on "death's side of the scale." Stringer, 112 S.Ct. at 1137.
This conclusion is only underscored by one of the most troubling aspects of the record on direct appeal. The trial court's instructions to the jury and the findings later entered at sentencing are widely at variance with one another. The worst inconsistency is that the trial court with apparent acquiescence of defense counsel completely failed to instruct the jury on the mitigating factor of extreme emotional duress,[3] even though this was the most prominent feature of Kennedy's defense. Yet, the trial court's own findings in mitigation expressly found emotional duress to exist. This is a baffling incongruity.
The trial court's treatment of aggravating factors showed similar inconsistency. With the State's obvious concurrence, the judge instructed the jury to consider only five aggravating factors. But at sentencing, the trial court itself found that seven existed as to one of the victims. Specifically, the jury was not instructed on cold, calculated, premeditation or the factor of disrupting law enforcement, even though the trial court later found these factors to be present.[4] I can find no legal justification for the trial court considering in aggravation matters the jury was precluded from considering; or in the trial court failing to instruct the jury on a mitigating factor that the judge obviously believed to be present.
Be that as it may, the conclusion remains that the issues troubling me so greatly *995 here are old ones that should have been litigated long ago. I have long advocated a rule of law that would diminish the force of procedural bars in death cases. This is based on my belief that the death penalty never should be administered by default, as I fear may happen here. This is an argument that has not subscribed a majority of this Court, and it thus is not the law of Florida. My duty is to honor the law, and the existing law demands finality. It is clear to me that Kennedy's present appeal and petition have not raised any claim that can escape a procedural bar under Florida law. For that reason and that reason alone, I concur.
In so stating, I also express my sincere hope that the United States Supreme Court will stay Kennedy's execution if it intends in Sochor to establish a rule of law that could mandate a new sentencing hearing in this case. I recognize, of course, that this issue was presented to the Supreme Court earlier this year in a petition for writ of certiorari that was denied. However, a denial of certiorari does not make precedent or pass on the merits of the case; and the validity of Kennedy's sentence at least to some extent remains an open question in the federal judicial system. Moreover, it does not comfort me to know that Kennedy fell only one vote short of the number of justices needed to grant certiorari.[5]Kennedy v. Singletary, ___ U.S. ___, 112 S.Ct. 957, 117 L.Ed.2d 124 (1992), reh'g denied, ___ U.S. ___, 112 S.Ct. 1518, 117 L.Ed.2d 654 (1992). My own careful review of this record increases my uneasiness.
In light of Stringer, the only legally significant fact that distinguishes the present case from the issue under review in Sochor is the cursory and unsupported finding of harmless error made by this Court. I would find it a surprising state of affairs if Sochor is reviewable and the present case is not simply because the bare, unsupported words "harmless error" appear somewhere in the text of the opinion. This risks reducing a constitutional principle to boilerplate semantics. The real issue to my mind is whether an express and meaningful harmless error analysis has occurred within the four corners of the appellate opinion. Whatever else may be said about this case, I cannot conclude that the earlier opinion on Kennedy's direct appeal engaged in a meaningful analysis of this type. Empty words devoid of analysis are not enough to satisfy a thoughtful conscience.
NOTES
[1] These were cold, calculated premeditation and the factor of heinous, atrocious, or cruel. See Kennedy v. State, 455 So.2d 351, 355 (Fla. 1984).
[2] The entire statement is too lengthy to reproduce, but the prosecutor's concluding remarks to the jury convey the gist:

It just tore Bob McDermon to pieces, just ripped his insides to pieces with a high-powered rifle. That's time, that's time for action; that's time to suffer. That's time to be terrorized, time to be afraid, time to be helpless, peppered with and mortally wounded by other shots.
And, he takes that rifle  I don't want to shock you any more, but, that's atrocious, that's cruel, that's evil. If that's not atrocious, cruel, and evil, the words ought not to be in the English language.
[3] The jury was instructed only on emotional disturbance, which is a mitigating factor distinct from emotional duress under Florida law. See § 921.141(6), Fla. Stat. (1985).
[4] Both of these factors were stricken by this Court on direct appeal for other reasons. Kennedy, 455 So.2d at 354-55.
[5] Justices Blackmun, O'Connor, and Kennedy voted to grant certiorari. Kennedy v. Singletary, ___ U.S. ___, 112 S.Ct. 957, 117 L.Ed.2d 124 (1992).