602 So.2d 1285 (1992)
Edward D. KENNEDY, Petitioner,
v.
Harry K. SINGLETARY, etc., et al., Respondent.
No. 80129.
Supreme Court of Florida.
July 16, 1992.
Billy H. Nolas and Julie D. Naylor, Ocala, for petitioner.
Robert A. Butterworth, Atty. Gen. and Richard B. Martell, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
Edward D. Kennedy, a prisoner under sentence of death and the governor's death warrant, petitions this Court for writ of habeas corpus. We have jurisdiction. Art. V, §§ 3(b)(1), (9), Fla. Const.
The facts of Kennedy's crime and the procedural history of this case are recited in the prior opinions of this Court and the federal courts. Kennedy v. Dugger, 933 F.2d 905 (11th Cir.1991) (habeas), cert. denied, ___ U.S. ___, 112 S.Ct. 957, 117 L.Ed.2d 124 (1992); Kennedy v. Singletary, 599 So.2d 991 (Fla. 1992), cert. denied, ___ U.S. ___, 112 S.Ct. 3040, 120 L.Ed.2d 909 (1992); Kennedy v. State, 547 So.2d 912 (Fla. 1989) (appeal 3.850); Kennedy v. Wainwright, 483 So.2d 424 (Fla.) (habeas), cert. denied, 479 U.S. 890, 107 S.Ct. 291, 93 L.Ed.2d 265 (1986); Kennedy v. State, 455 So.2d 351 (Fla. 1984) (direct appeal), cert. denied, 469 U.S. 1197, 105 S.Ct. 981, 83 L.Ed.2d 983 (1985).
We find that the issues raised by this petitioner have been litigated, or should have been litigated, in these prior proceedings and thus are procedurally barred. There was no objection at trial made to the wording of the instruction on heinous, atrocious, or cruel. The objection went only to the applicability of that factor in this case. We also note that Kennedy's last petition for certiorari to the United States Supreme Court was denied on the same date that the high Court issued Espinosa v. Florida, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992), upon which Kennedy now relies. We cannot conceive that the United States Supreme Court would have denied certiorari had it found a valid Espinosa claim in this case. In any event, even if not procedurally barred, the error in giving the instruction and the error in the instruction's wording clearly are harmless beyond any reasonable doubt, in light of the entire record in this case. Accordingly, *1286 we deny the motion that this case be set for oral argument and find that Kennedy is entitled to no relief.
It is so ordered.
OVERTON, McDONALD, GRIMES and HARDING, JJ., concur.
KOGAN, J., concurs specially with an opinion.
NO MOTION FOR REHEARING WILL BE ALLOWED.
KOGAN, Justice, concurring specially.
I continue to stand by my concurring opinion in Kennedy v. Singletary, 599 So.2d 991 (Fla. 1992) (Kogan, J., concurring specially), cert. denied, ___ U.S. ___, 112 S.Ct. 3040, 120 L.Ed.2d 909 (1992). And in light of the facts recited in that opinion, I believe that Kennedy  at least to my mind  may in fact have a valid claim under the recent Espinosa opinion of the United States Supreme Court because his penalty phase jury was "permitted to weigh invalid aggravating factors," Espinosa v. Florida, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992), and because the jury instruction itself was unconstitutionally vague. Id. Specifically, the jury was both instructed on, and the State extensively argued in highly graphic language, the possible existence of the factor of heinous, atrocious, or cruel without using the limiting instruction approved in Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976). As a matter of law, this factor could not have existed in the present case, and the instruction given failed to meet the requirements of Sochor v. Florida, ___ U.S. ___, 112 S.Ct. 2114, 119 L.Ed.2d 326 (1992).
I join the majority only because of the United States Supreme Court's recent denial of certiorari in this case. I also note with some perplexity the confusing opinions issued by the United States Supreme Court when it reviewed several Florida death cases on June 29, 1992, including the present one. To my mind, the language in Espinosa and Sochor are broad enough to apply to the present case and require a new sentencing proceeding jury, but this is not what the United States Supreme Court apparently found, as the majority notes. Because the United States Supreme Court has not explained this apparent inconsistency, I concur but express my doubts in so doing.
It would appear that the United States Supreme Court has accepted at face value the unsubstantiated and incomplete finding of harmless error made by this Court in the initial direct appeal of Kennedy's conviction. However, because the trial court failed to instruct the jury on the defense's main theory during the penalty phase, I cannot agree that the various errors in their totality were harmless, as the majority so concludes. I especially cannot square Espinosa with the fact that, in the direct appeal, we completely neglected to consider whether the invalid instruction to the jury was harmless. Our harmless error analysis was confined exclusively to the judge's findings, not the jury's deliberations. But Espinosa plainly states that the jury must be considered because under Florida law it operates as a co-sentencer.
If a finding of harmless error is sufficient no matter how unsubstantiated it might be, one would at least hope that the United States Supreme Court would say so, rather than leaving us to guess what the applicable law is. However, I agree that the denial of certiorari most probably constituted a rejection of any claim predicated upon Espinosa, that the United States Supreme Court must be presumed unwilling to look behind this court's prior finding of harmless error even if it is unsubstantiated, and that relief must be denied because Kennedy has no claim that can escape a procedural bar. If the United States Supreme Court in fact did not consider whether Espinosa should be applied to the present case, I strongly urge that Court to accept certiorari, reverse, and remand this case back to us with clear instructions on the way in which a harmless error analysis should be applied to an Espinosa claim.