PER CURIAM.
 

 Tyson L. Preston petitions for another appeal, alleging ineffective assistance of appellate counsel.
 
 See
 
 Fla. R.App. P. 9.141(c). We deny the petition, and order Preston to show cause as to why he should
 
 *8
 
 not be sanctioned pursuant to section 944.279, Florida Statutes (2010), for filing a frivolous and misleading collateral criminal proceeding.
 

 Preston was convicted of burglary of a dwelling. The evidence at trial showed that a teenage boy came home with a friend midday and discovered Preston inside his home. He summoned his parents and police, who arrived and detained Preston. At trial, the victims testified that they did not know Preston at all, that he had not been invited into their home by anyone, and that he had opened and tampered with drawers and closets inside the home before being discovered. On appeal, Preston asserted that the prosecutor asked an argumentative question during Preston’s cross-examination, to which an objection was taken and sustained. He further argued that the prosecutor made improper comments during closing argument, which were not objected to but which constituted fundamental error. We affirmed without opinion.
 
 Preston v. State,
 
 17 So.3d 1242 (Fla. 5th DCA 2009).
 

 As his first ground for relief, Preston again argues that some of the prosecutor’s comments during his cross-examination and during the State’s closing argument constituted fundamental error. We will not revisit this issue.
 
 See Turner v. Dugger,
 
 614 So.2d 1075 (Fla.1992) (recognizing appellate court will not revisit issues, or variations thereof, presented under the guise of ineffective assistance of appellate counsel);
 
 Right v. Dugger,
 
 574 So.2d 1066 (Fla.1990) (recognizing petition alleging ineffective assistance of appellate counsel is not a second appeal, and cannot relitigate issues already presented on appeal).
 

 As his second ground for relief, Preston correctly notes that there are two lesser-included offenses to burglary of a dwelling: (1) burglary of a structure and (2) trespass.
 
 See
 
 Fla. Std. Jury Instr. (Crim.) 18.1. He argues that the trial court reversibly erred by not instructing the jury on the elements of burglary of a structure and not including burglary of a structure as a lesser included offense on the verdict form. And, he claims that his appellate counsel was ineffective for failing to raise this issue in his original appeal. In doing so, Preston represented that the “trial transcripts is [sic] void of any references to the elements that must be met in order to prove the second lesser included offense of burglary of a structure, and the verdict form is also void of this lesser included offense.” Because “failure to instruct on the next immediate lesser-included offense (one step removed) constitutes error that is per se reversible,”
 
 State v. Abreau,
 
 363 So.2d 1063, 1064 (Fla.1978), if preserved for appellate review,
 
 cf. Johnson v. State,
 
 53 So.3d 1003, 2010 WL 3909859 (Fla.2010), we ordered the State to provide the record in order to determine whether this issue was preserved at trial. Having now reviewed the record, we see that the jury was instructed on the definitions of “structure” and “dwelling,” and asked to determine by special interrogatory verdict whether the structure burglarized was a dwelling. There was no objection to this method of presenting the issue to the jury. As such, Preston’s petition completely lacks merit.
 

 Accordingly, we deny the petition and grant Preston thirty days to demonstrate, in writing, why this court should not recommend sanctions pursuant to section 944.279, Florida Statutes (2010), for filing a frivolous petition.
 

 PETITION DENIED. ORDERED TO SHOW CAUSE.
 

 LAWSON, EVANDER and JACOBUS, JJ., concur.